IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, a limited liability corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SUNTRUST BANKS, INC., and SUNTRUST BANK.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION FILE<br>NO. 1:13-CV-02454-WSD<br><br>Judge William S. Duffey, Jr.<br><br>Jury Trial Demanded |

## DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendants SunTrust Banks, Inc. and SunTrust Bank (collectively, "SunTrust" or "Defendants"), by their undersigned counsel, hereby respond to the allegations set forth in Plaintiff Intellectual Ventures II LLC's ("Plaintiff" or "Intellectual Ventures II") complaint (the "Complaint"), and provide their defenses and counterclaims, as follows:

## THE PARTIES

1.  SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

2.     SunTrust admits that SunTrust Banks, Inc. is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business at 303 Peachtree Street N.E., Atlanta, Georgia 30308. SunTrust further admits that SunTrust Banks, Inc. can be served with process through its Registered Agent for Service, Raymond D. Fortin, 303 Peachtree Street N.E., Suite 3600, Atlanta, Georgia 30308. SunTrust denies the remaining allegations contained in paragraph 2.

3.     SunTrust admits that SunTrust Banks, Inc. has its headquarters in this judicial district and that SunTrust Banks, Inc. transacts business in this judicial district. SunTrust denies the remaining allegations contained in paragraph 3.

4.     SunTrust admits that SunTrust Bank has its principal place of business at 303 Peachtree Street N.E., Atlanta, Georgia 30308. SunTrust further admits that SunTrust Bank can be served with process through its Registered Agent for Service, Raymond D. Fortin, 303 Peachtree Street NE, Suite 3600, Atlanta, Georgia 30308. SunTrust denies the remaining allegations contained in paragraph 4.

5.     SunTrust admits that SunTrust Bank has its headquarters in this judicial district and that SunTrust Bank transacts business in this judicial district. SunTrust denies the remaining allegations contained in paragraph 5.

6.     SunTrust admits that it offers banking services to individuals, businesses, and institutions in the United States, including in Georgia and within this district.  SunTrust further admits that it offers some banking services to some of its customers via electronic means.  SunTrust denies the remaining allegations contained in paragraph 6.

## JURISDICTION AND VENUE

7.     SunTrust admits that actions arising under the Patent Laws of the United States are governed by 35 U.S.C. § 1, *et seq*.  SunTrust admits that the Complaint purports to recite an action where this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     SunTrust does not challenge, with respect to this particular action and the particular claims asserted against SunTrust, that this Court may exercise personal jurisdiction over SunTrust for the purposes of this Complaint.  SunTrust denies the remaining allegations contained in paragraph 8.

9.     SunTrust does not challenge, with respect to this particular action and the particular claims asserted against SunTrust, that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) for purposes of this Complaint. SunTrust denies all remaining allegations set forth in paragraph 9.

## INTELLECTUAL VENTURES AND THE PATENTS-IN-SUIT

10.     SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

11.     SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies the same.

12.     SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies the same.

13.     SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies the same.

14.     SunTrust admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 5,745,574 ("the '574 Patent").  SunTrust further admits that the face of the '574 Patent states it was issued on April 28, 1998.  SunTrust further admits that the face of the '574 Patent states its title as "Security Infrastructure for Electronic Transactions".  SunTrust lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and, therefore, denies the same.

15.     SunTrust admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 6,826,694 ("the '694 Patent").  SunTrust further admits that the face of the '694 Patent states it was issued on November 30, 2004.  SunTrust further admits that the face of the '694 Patent states its title as "High Resolution Access Control".  SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and, therefore, denies the same.

16.     SunTrust admits that Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 6,715,084 ("the '084 Patent").  SunTrust further admits that the face of the '084 Patent states it was issued on March 30, 2004.  SunTrust further admits that the face of the '084 Patent states its title as "Firewall System And Method Via Feedback From Broad-Scope Monitoring For Intrusion Detection".  SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and, therefore, denies the same.

17.     SunTrust admits that Exhibit D to the Complaint purports to be a copy of U.S. Patent No. 6,314,409 ("the '409 Patent").  SunTrust further admits that the

face of the '409 Patent states it was issued on November 6, 2001.  SunTrust further admits that the face of the '409 Patent states its title as "System For Controlling Access And Distribution Of Digital Property".   SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and, therefore, denies the same.

18.     SunTrust admits that Exhibit E to the Complaint purports to be a copy of U.S. Patent No. 7,634,666 ("the '666 Patent").  SunTrust further admits that the face of the '666 Patent states it was issued on December 15, 2009.  SunTrust further admits that the face of the '666 Patent states its title as "Crypto-Engine For Cryptographic Processing Of Data".  SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and, therefore, denies the same.

19.     SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, therefore, denies the same.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 5,745,574

20.     SunTrust repeats its responses to paragraphs 1-19 of the Complaint as if fully set forth herein.

21.     Denied.

22.   Denied.

23.   Denied.

24.   SunTrust admits that on July 23, 2013, it received a letter purporting to be sent on behalf of Intellectual Ventures II accusing SunTrust of infringing claim 23 of the '574 Patent.   SunTrust further admits that on July 24, 2013, Intellectual Ventures II filed the Complaint, and that SunTrust's registered agent was served with the Complaint on July 29, 2013.   SunTrust denies the remaining allegations contained in paragraph 24.

25.   Denied.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 6,826,694

26.   SunTrust repeats its responses to paragraphs 1-19 of the Complaint as if fully set forth herein.

27.   Denied.

28.   Denied.

29.   Denied.

30.   SunTrust admits that on July 23, 2013, it received a letter purporting to be sent on behalf of Intellectual Ventures II accusing SunTrust of infringing claim 1 of the '694 Patent.   SunTrust further admits that on July 24, 2013, Intellectual Ventures II filed the Complaint, and that SunTrust's registered agent

was served with the Complaint on July 29, 2013.  SunTrust denies the remaining allegations contained in paragraph 30.

31.     Denied.

### COUNT III - INFRINGEMENT OF U.S. PATENT NO. 6,715,084

32.     SunTrust repeats its responses to paragraphs 1-19 of the Complaint as if fully set forth herein.

33.     Denied.

34.     Denied.

35.     Denied.

36.     SunTrust admits that on July 23, 2013, it received a letter purporting to be sent on behalf of Intellectual Ventures II accusing SunTrust of infringing claim 26 of the '084 Patent.  SunTrust further admits that on July 24, 2013, Intellectual Ventures II filed the Complaint, and that SunTrust's registered agent was served with the Complaint on July 29, 2013.  SunTrust denies the remaining allegations contained in paragraph 36.

37.     Denied.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 6,314,409

38.     SunTrust repeats its responses to paragraphs 1-19 of the Complaint as if fully set forth herein.

39.    Denied.

40.    Denied.

41.    Denied.

42.    SunTrust admits that on July 23, 2013, it received a letter purporting to be sent on behalf of Intellectual Ventures II accusing SunTrust of infringing claim 24 of the '409 Patent.  SunTrust further admits that on July 24, 2013, Intellectual Ventures II filed the Complaint, and that SunTrust's registered agent was served with the Complaint on July 29, 2013.  SunTrust denies the remaining allegations contained in paragraph 42.

43.    Denied.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 7,634,666

44.    SunTrust repeats its responses to paragraphs 1-19 of the Complaint as if fully set forth herein.

45.    Denied.

46.    SunTrust admits that on July 23, 2013, it received a letter purporting to be sent on behalf of Intellectual Ventures II accusing SunTrust of infringing claim 4 of the '666 Patent.  SunTrust further admits that on July 24, 2013, Intellectual Ventures II filed the Complaint, and that SunTrust's registered agent

was served with the Complaint on July 29, 2013.  SunTrust denies the remaining allegations contained in paragraph 46.

47.    Denied.

48.    Except as expressly admitted herein, SunTrust denies each and every allegation contained in the Complaint.

## **PRAYER FOR RELIEF**

SunTrust denies that Intellectual Ventures II is entitled to any relief whatsoever, either as prayed for in its Complaint or otherwise, and specifically requests that this Court:

A.    Enter judgment that SunTrust has not infringed, directly, indirectly, or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '574 Patent, the '694 Patent, the '084 Patent, the '409 Patent, and the '666 Patent ("Patents-in-Suit"), either literally or under the doctrine of equivalents, willfully or otherwise;

B.    Enter judgment that one or more of the claims of the Patents-in-Suit are invalid;

C.    Enter judgment that Intellectual Ventures II is not entitled to any damages;

D.      Enter judgment finding this action exceptional and awarding SunTrust its reasonable attorneys' fees, expenses, and costs incurred in this action; and

E.      Enter judgment awarding SunTrust such other and further relief as this Court deems just and proper.

## DEFENSES

SunTrust hereby asserts the following affirmative and other defenses, without assuming the burden of proof when such burden would otherwise be on Intellectual Ventures II, to the allegations in Intellectual Ventures II's Complaint. SunTrust reserves the right to amend its answer and affirmative and other defenses as this action progresses:

## FIRST DEFENSE: NON-INFRINGEMENT

49.     SunTrust does not infringe and has not infringed, either directly, jointly, indirectly, contributorily, or by inducement, any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE: INVALIDITY

50.     Some or all of the claims of the Patents-in-Suit are invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, or 112.

## THIRD DEFENSE: PROSECUTION HISTORY ESTOPPEL

51.　The scope of some or all of the claims of the Patents-in-Suit are limited based on prior art and/or statements made by the Applicants to the United States Patent & Trademark Office during prosecution of the Patents-in-Suit.  As a result of these limitations on claim scope, Intellectual Ventures II's assertion of the Patents-in-Suit against SunTrust is without merit.

52.　As a result of these limitations on claim scope, Intellectual Ventures II is estopped from construing or asserting any construction of the claims of the Patents-in-Suit in any way to cover the accused products or services in this action, and from asserting infringement under the doctrine of equivalents.

## FOURTH DEFENSE: LACHES AND WAIVER

53.　Intellectual Ventures II's claims for relief are barred in whole or in part by the doctrine of laches and/or waiver.

## FIFTH DEFENSE: UNCLEAN HANDS

54.　Intellectual Ventures II's claims for relief are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE: EQUITABLE ESTOPPEL

55.　Intellectual Ventures II's claims for relief are barred in whole or in part by the doctrine of equitable estoppel.

## SEVENTH DEFENSE: MARKING AND DAMAGES LIMITATIONS

56.  Intellectual Ventures II's claim for patent infringement damages, if any, is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.

## EIGHTH DEFENSE: LACK OF NOTICE OF INDIRECT INFRINGEMENT

57.  To the extent Intellectual Ventures II has asserted SunTrust is indirectly infringing (whether contributorily or by inducement) claims of the Patents-in-Suit, SunTrust is not liable to Intellectual Ventures II for the acts alleged to have been performed before SunTrust had actual notice and knowledge that its actions were the basis for alleged indirect infringement.

## NINTH DEFENSE: LICENSE AND EXHAUSTION

58.  Intellectual Ventures II is barred from asserting the Patents-In-Suit against SunTrust to the extent SunTrust's use is licensed and/or Intellectual Ventures II's patent rights in the accused technology are exhausted.

## TENTH DEFENSE: LACK OF STANDING

59.  To the extent that Intellectual Ventures II does not have clear title to any or all of the Patents-in-Suit, or to the extent that the right to sue for past damages was not clearly conveyed to it, Intellectual Ventures II lacks standing to assert any such Patent-in-Suit.

## ELEVENTH DEFENSE: FAILURE TO STATE A CLAIM

60.     Intellectual Ventures II's claims for alleged infringement of the Patents-in-Suit all fail to state a claim upon which relief can be granted.

## COUNTERCLAIMS

For its counterclaims against Intellectual Ventures II, SunTrust states as follows:

1.     Counterclaim-Plaintiff SunTrust Banks, Inc. is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business at 303 Peachtree Street N.E., Atlanta, Georgia 30308.

2.     Counterclaim-Plaintiff SunTrust Bank is a is a corporation organized and existing under the laws of the State of Georgia and is a wholly owned subsidiary of SunTrust Bank Holding Company, which is a wholly owned subsidiary of SunTrust Banks, Inc.  SunTrust Bank has its principal place of business at 303 Peachtree Street N.E., Atlanta, Georgia 30308.

3.     On information and belief, Intellectual Ventures II is a Delaware limited liability company with its principal place of business at 3150 139th Ave. SE, Bellevue, Washington 98005.

## JURISDICTION AND VENUE

4.     Counterclaim-Defendant Intellectual Ventures II has brought suit against Counterclaim-Plaintiff SunTrust alleging infringement of U.S. Patent No. 5,745,574 ("the '574 Patent"), U.S. Patent No. 6,826,694 ("the '694 Patent"), U.S. Patent No. 6,715,084 ("the '084 Patent"), U.S. Patent No. 6,314,409 ("the '409 Patent"), and U.S. Patent No. 7,634,666 ("the '666 Patent") (collectively, "the Patents-in-Suit").

5.     This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaratory judgment that the Patents-in-Suit are not infringed by SunTrust and are invalid.

6.     This Court has subject matter jurisdiction over SunTrust's counterclaims pursuant to one or more of 28 U.S.C. §§ 1331, 1338, 2201 and 2202. An actual controversy exists because Intellectual Ventures II has asserted infringement by SunTrust of the Patents-in-Suit and SunTrust believes these allegations are unfounded and without merit and thus denies each and every allegation of infringement.

7.     There exists an actual and substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance by this Court of a declaratory judgment.

8.     This Court has personal jurisdiction over Intellectual Ventures II and venue is proper in this district because Intellectual Ventures II has voluntarily appeared and consented to this venue by filing its claims for patent infringement here.

## COUNT I: REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,745,574

9.     SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

10.     SunTrust has not infringed, directly, indirectly, or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '574 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

11.     SunTrust has not made, used, sold, or offered for sale in the United States any product or service that satisfies every limitation of any claim of the '574 Patent.

12.     Neither SunTrust, nor any SunTrust customer or end-user, nor any other collection of entities, has ever made, used, sold, or offered for sale any

SunTrust product or service in any manner that satisfies every limitation of any claim of the '574 Patent.

## COUNT II: REQUEST FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,745,574

13.    SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

14.    One or more claims of the '574 Patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103 and/or 112.

15.    One or more claims of the '574 Patent is invalid under 35 U.S.C. § 101 for failing to claim statutory patent eligible subject matter.

16.    To the extent Intellectual Ventures II is accusing any product, service or system offered or used by SunTrust of infringing one or more claims of the '574 Patent, said patent claims are invalid under 35 U.S.C. § 102 as anticipated by prior art available prior to invention of the alleged invention or available more than one year prior to the filing of the application that resulted in the '574 Patent.

17.    One or more claims of the '574 Patent is invalid under 35 U.S.C. § 103 as obvious to one of ordinary skill in the art based on a combination of one or more prior art references, on knowledge of one having ordinary skill in the art, or on common sense.

18.     One or more claims of the '574 Patent is invalid under 35 U.S.C. § 112 for failure to satisfy the definiteness, written description, and/or enablement requirements.

## COUNT III: REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,826,694

19.     SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

20.     SunTrust has not infringed, directly, indirectly, or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '694 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

21.     SunTrust has not made, used, sold, or offered for sale in the United States any product or service that satisfies every limitation of any claim of the '694 Patent.

22.     Neither SunTrust, nor any SunTrust customer or end-user, nor any other collection of entities, has ever made, used, sold, or offered for sale any SunTrust product or service in any manner that satisfies every limitation of any claim of the '694 Patent.

## COUNT IV: REQUEST FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,826,694

23.     SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

24.     One or more claims of the '694 Patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103 and/or 112.

25.     One or more claims of the '694 Patent is invalid under 35 U.S.C. § 101 for failing to claim statutory patent eligible subject matter.

26.     To the extent Intellectual Ventures II is accusing any product, service or system offered or used by SunTrust of infringing one or more claims of the '694 Patent, said patent claims are invalid under 35 U.S.C. § 102 as anticipated by prior art available prior to invention of the alleged invention or available more than one year prior to the filing of the application that resulted in the '694 Patent.

27.     One or more claims of the '694 Patent is invalid under 35 U.S.C. § 103 as obvious to one of ordinary skill in the art based on a combination of one or more prior art references, on knowledge of one having ordinary skill in the art, or on common sense.

28.     One or more claims of the '694 Patent is invalid under 35 U.S.C. § 112 for failure to satisfy the definiteness, written description, and/or enablement requirements.

## COUNT V: REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,715,084

29.     SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

30.     SunTrust has not infringed, directly, indirectly, or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '084 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

31.     SunTrust has not made, used, sold, or offered for sale in the United States any product or service that satisfies every limitation of any claim of the '084 Patent.

32.     Neither SunTrust, nor any SunTrust customer or end-user, nor any other collection of entities, has ever made, used, sold, or offered for sale any SunTrust product or service in any manner that satisfies every limitation of any claim of the '084 Patent.

## COUNT VI: REQUEST FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,715,084

33.     SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

34.     One or more claims of the '084 Patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103 and/or 112.

35.     One or more claims of the '084 Patent is invalid under 35 U.S.C. § 101 for failing to claim statutory patent eligible subject matter.

36.     To the extent Intellectual Ventures II is accusing any product, service or system offered or used by SunTrustof infringing one or more claims of the '084 Patent, said patent claims are invalid under 35 U.S.C. § 102 as anticipated by prior art available prior to invention of the alleged invention or available more than one year prior to the filing of the application that resulted in the '084 Patent.

37.     One or more claims of the '084 Patent is invalid under 35 U.S.C. § 103 as obvious to one of ordinary skill in the art based on a combination of one or more prior art references, on knowledge of one having ordinary skill in the art, or on common sense.

38.     One or more claims of the '084 Patent is invalid under 35 U.S.C. § 112 for failure to satisfy the definiteness, written description, and/or enablement requirements.

## COUNT VII: REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,314,409

39.     SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

40.     SunTrust has not infringed, directly, indirectly, or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '409 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

41.     SunTrust has not made, used, sold, or offered for sale in the United States any product or service that satisfies every limitation of any claim of the '409 Patent.

42.     Neither SunTrust, nor any SunTrust customer or end-user, nor any other collection of entities, has ever made, used, sold, or offered for sale any SunTrust product or service in any manner that satisfies every limitation of any claim of the '409 Patent.

## COUNT VIII: REQUEST FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,314,409

43.     SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

44.     One or more claims of the '409 Patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103 and/or 112.

45.     One or more claims of the '409 Patent is invalid under 35 U.S.C. § 101 for failing to claim statutory patent eligible subject matter.

46.     To the extent Intellectual Ventures II is accusing product, service or offered or used by SunTrust of infringing one or more claims of the '409 Patent, said patent claims are invalid under 35 U.S.C. § 102 as anticipated by prior art available prior to invention of the alleged invention or available more than one year prior to the filing of the application that resulted in the '409 Patent.

47.     One or more claims of the '409 Patent is invalid under 35 U.S.C. § 103 as obvious to one of ordinary skill in the art based on a combination of one or more prior art references, on knowledge of one having ordinary skill in the art, or on common sense.

48.     One or more claims of the '409 Patent is invalid under 35 U.S.C. § 112 for failure to satisfy the definiteness, written description, and/or enablement requirements.

## COUNT IX: REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,634,666

49.     SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

50.     SunTrust has not infringed, directly, indirectly, or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '666 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

51.     SunTrust has not made, used, sold, or offered for sale in the United States any product or service that satisfies every limitation of any claim of the '666 Patent.

52.     Neither SunTrust, nor any SunTrust customer or end-user, nor any other collection of entities, has ever made, used, sold, or offered for sale any SunTrust product or service in any manner that satisfies every limitation of any claim of the '666 Patent.

## COUNT X: REQUEST FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,634,666

53.     SunTrust realleges and incorporates by reference the allegations contained in paragraphs 1 through 8.

54.     One or more claims of the '666 Patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103 and/or 112.

55.     One or more claims of the '666 Patent is invalid under 35 U.S.C. § 101 for failing to claim statutory patent eligible subject matter.

56.     To the extent Intellectual Ventures II is accusing any product, service or system offered or used by SunTrust of infringing one or more claims of the '666 Patent is invalid under 35 U.S.C. § 102 as anticipated by prior art available prior to invention of the alleged invention or available more than one year prior to the filing of the application that resulted in the '666 Patent.

57.     One or more claims of the '666 Patent is invalid under 35 U.S.C. § 103 as obvious to one of ordinary skill in the art based on a combination of one or more prior art references, on knowledge of one having ordinary skill in the art, or on common sense.

58.    One or more claims of the '666 Patent is invalid under 35 U.S.C. § 112 for failure to satisfy the definiteness, written description, and/or enablement requirements.

## JURY DEMAND

59.    Pursuant to Fed. R. Civ. P. 38, SunTrust hereby respectfully requests a jury trial on all issues and claims raised by this Counterclaim that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, SunTrust prays for judgment as follows:

A.    Declare that SunTrust has not infringed, directly, indirectly, or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, willfully or otherwise;

B.    Declare that one or more of the claims of the Patents-in-Suit are invalid;

C.    Enter an order preliminarily and permanently enjoining Intellectual Ventures II, its officers, directors, servants, managers, employees, agents, successors, and assignees, and all persons in active concert or participation with any of them, from directly or indirectly charging SunTrust or its customers with infringement of any claim of the Patents-in-Suit;

D.      Dismiss Intellectual Ventures II's Complaint with prejudice;

E.      Declare this action exceptional under 35 U.S.C. § 285 and award SunTrust its reasonable attorneys' fees, expenses, and costs incurred in this action; and

F.      Award SunTrust such other and further relief as this Court deems just and proper.

Respectfully submitted, this 3rd day of September, 2013.

　　　　　*/s/ Holmes J. Hawkins III*
Holmes J. Hawkins III
(Ga. Bar No. 338681)
Natasha H. Moffitt
(Ga. Bar No. 367468)
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5134

Kenneth R. Adamo (*pro hac vice*)
Brent P. Ray (*pro hac vice*)
Eugene Goryunov (*pro hac vice*)
Ryan Hubbard (*pro hac vice*)
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200

*/s/ Ann G. Fort*
John H. Fleming, Esq.
(Ga. Bar 2632250)
Rocco E. Testani, Esq.
(Ga. Bar 702614)
Ann G. Fort, Esq.
(Ga. Bar 269995)
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309-3996
Tel: (404) 853-8000
Fax: (404) 853-8806
ATTORNEYS FOR DEFENDANTS SUNTRUST
BANKS, INC. AND SUNTRUST BANK

28

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused a true and correct copy of the foregoing

DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO

PLAINTIFF'S COMPLAINT to be served via the ECF system of the U.S. District

Court for the Northern District of Georgia on all counsel of record.


Dated: September 3, 2013

*/s/Holmes J. Hawkins III*
Holmes J. Hawkins III
