IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INTELLECTUAL VENTURES II
LLC,

          Plaintiff,

v.

SUNTRUST BANKS, INC., and
SUNTRUST BANK,

          Defendants.

1:13-cv-02454-WSD

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Stay Pending Inter Partes Review [151] ("Motion to Stay").

## I. BACKGROUND

On July 24, 2013, Plaintiff Intellectual Ventures II LLC ("Plaintiff") filed a Complaint against Defendants SunTrust Banks, Inc. and SunTrust Bank (collectively, "Defendants"), in which it alleged that the Defendants infringed U.S. Patents Nos. 6,715,084 (the "084 Patent"), 6,314,409 (the "409 Patent"), 5,745,574 (the "574 Patent"), 6,826,694 (the "694 Patent"), and 7,634,666 (the "666 Patent") (collectively, the "Patents"). Non-parties International Business Machines Corporation ("IBM"), BBVA Compass Bancshares, Inc. and Compass Bank,

Commerce Bancshares, Inc. and Commerce Bank, and First National Bank of Omaha and First National of Nebraska, Inc. have filed thirteen (13) petitions requesting *inter partes* ("IPR") review of the Patents that are the subject of this infringement action.

On April 16, 2014, the Patent Trial and Appeal Board ("PTAB") instituted IPR proceedings on all claims of the 666 Patent, and found that non-party IBM had established a reasonable likelihood of showing that Claims 1-11 are invalid over the prior art. On September 22, 2014, the PTAB denied IBM's request for IPR regarding various claims of the 409 Patent, including claims asserted by Plaintiff against Defendants. On September 24, 2014, the PTAB instituted IPR of claim 1 of the 694 Patent, and found that the non-parties had established a reasonable likelihood of showing that the claim was invalid under 35 U.S.C. §§ 102 and/or 103. Plaintiff has asserted this claim against the Defendants. The remaining non-party petitions that seek IPR challenge the validity of every claim asserted by the Plaintiff against the Defendants in this matter.

The PTAB is expected to decide whether IPR proceedings should be instituted on the remaining petitions by the end of October, 2014. The PTAB is expected to issue final written decisions on the pending petitions by October, 2015. See 25 U.S.C. §§ 314(b); 316(a)(11).

2

On June 6, 2014, the Defendants filed their Motion to Stay this action pending the outcome of the PTAB's review. On June 23, 2014, Plaintiff filed a response in opposition to the Motion to Stay. On August 18, 2014, the Court held a telephone conference with the parties, and determined that it was required to stay discovery in this case until the Court ruled on Defendants' Motion to Stay.

## II. DISCUSSION

### A. Legal Standard

The IPR petitions regarding the Patents in this action were filed by various non-parties pursuant to the Leahy-Smith America Invents Act, which authorizes the PTAB to conduct an IPR of the validity of a patent, on the basis of prior art. See generally 35 U.S.C. §§ 311–319 (2006 & Supp. V 2011). If the PTAB grants review and finds the patent invalid, the patent is cancelled, and any infringement litigation becomes moot. 35 U.S.C. § 311. If the PTAB finds the patent valid, the challenger in the IPR proceeding is estopped from asserting invalidity, on the same grounds, in subsequent litigation. 35 U.S.C. § 315(e)(2).

If any party seeks IPR of an allegedly infringed patent, the district court has the discretion to stay the action pending the PTAB's review. See Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 850–49 (Fed. Cir. 2008). Several courts have noted the benefits of staying infringement litigation in the face

of IPR:

> All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;] Many discovery problems relating to prior art can be alleviated by the PTO examination[;] In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;] The outcome of the reexamination may encourage a settlement without the further use of the Court[;] The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;] Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and] The cost will likely be reduced both for the parties and the Court.

Tomco[2] Equip. Co. v. Se. Agri-Sys., Inc., 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) (alterations in original) (quoting Datatreasury Corp. v. Wells Fargo & Co., 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006)).

Despite these benefits, there are "potential difficulties" with staying a case, including "the possible length of the [review]" and the fact that the review process "only considers the validity of the patent with regard to prior art," leaving for the court "other infringement issues or other grounds for invalidity." Id. In balancing the benefits and difficulties, courts consider three factors: (1) "whether discovery is complete and a trial date has been set"; (2) "whether a stay will simplify the issues in the case"; and (3) "whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant." Id. (citing Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y.1999)); accord Semiconductor Energy Lab. Co. v.

Chimei Innolux Corp., No. SACV 12-21-JST, 2012 WL 7170593, at *1 (C.D. Cal. Dec. 19, 2012).

    B.    Analysis

        1.    *Progress of the Litigation*

This case is at an early stage. Only four depositions have been taken, and the parties intend to depose several other witnesses. To date, the Court has not held a *Markman* hearing. Fact discovery will continue until forty five (45) days after the Court's claim construction ruling. Neither party has moved for summary judgment, and the Court has not set a date for trial. The Court concludes that the progress of this case favors a stay. See Tomco[2], 542 F. Supp. 2d at 1312.

        2.    *Simplification of the Issues*

This case involves the alleged infringement of five Patents. If the PTAB finds that any of the Patents are invalid, the Court will not be required to construe the disputed terms of the invalidated Patents. To date, the PTAB has instituted IPR proceedings on one claim of the 694 Patent, and all claims of the 666 Patent. There is thus a reasonable likelihood of showing that the claims asserted in this action that are based on the 694 and 666 Patents are invalid. Even if the PTAB concludes that some, but not all, the Patents are invalid, the scope of this case may be significantly narrowed. In construing the Patents, the Court also will be aided

5

by the interpretation offered by the PTAB. The Court finds that staying this action will result in significant simplification of issues.

### 3. *Prejudice or Disadvantage to Plaintiff*

The delay in this case caused by a grant of the Motion to Stay is minimized by the fact that the PTAB is expected to determine whether to institute IPR proceedings on the remaining Patents by the end of this month. If the petitions are granted, the PTAB is required to issue its final decision within one year, or, "for good cause," within 18 months. See 37 C.F.R. § 42.100(c). Any party may then appeal the PTAB's decision to the United States Court of Appeals for the Federal Circuit. See 35 U.S.C. § 319 (cross-referencing 35 U.S.C. §§ 141-144). The PTAB has granted two IPR petitions regarding the 694 and 666 Patents. If the Court grants a stay, the PTAB's decision on the validity of the 694 and 666 Patents will be issued by October, 2015, or if there is "good cause" for the delay, by April, 2016. Because any decision issued by the PTAB will significantly simplify the issues in this matter, the Court finds that any delay that may occur while the PTAB review is processed is outweighed by the benefits of awaiting PTAB review.

Plaintiff argues that staying this case will give the Defendants an unfair tactical advantage because Defendants are not subject to the litigation estoppel provision of 35 U.S.C. § 315. Under Section 315, the petitioner in an IPR

proceeding, or the real party in interest or privy of the petitioner, may not assert, in any civil action, that "the claim is invalid on any ground that the petitioner raised or reasonably could have raised during the inter partes review." See 35 U.S.C. § 315(e)(2). The estoppel provision of Section 315 does not apply to Defendants because they are not a party to the IPR proceeding, a real party in interest, or in privity with the non-parties that seek IPR of the five Patents that are the subject of this litigation.

Even though the Defendants cannot be statutorily estopped from asserting that the Patents are invalid, a stay is appropriate because the outcome of the IPR proceedings will simplify the issues in this case. See Pi-Net Int'l., Inc. v. Hertz Corp., 2013 WL 7158011, at *3-4 (C.D. Cal. June 5, 2013) (staying case even though the defendant was not subject to statutory estoppel because the "issues would likely be simplified and would promote judicial efficiency."); e-Watch, Inc. v. Acti Corp., Inc., 2013 WL 6334372, at *7 (W.D. Tex. Aug 9, 2013) (finding that even if no formal estoppel applies, "if the USPTO invalidates any of the three patents-in-suit at issue or changes the scope and terms of any claim, the matters at issue in this Court will change. It is not necessary . . . to be a party to the IPR proceedings for the USPTO's substantive decisions in reexamination proceedings to have an effect on the patent issues to be litigated in this case.").

The Court concludes that a stay of this action is appropriate, and Defendants' Motion to Stay is granted.[1]

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Pending Inter Partes review is **GRANTED**, and this matter is **STAYED** until the IPR proceedings and, appeals, if any, are completed. The parties shall advise the Court when the IPR proceedings are concluded.

**SO ORDERED** this 7th day of October, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff here has filed infringement actions across the country alleging infringement by the Defendants in this case and against other corporations in the same industry. These cases are pending before various district court judges in different districts across the nation. This presents two problems: the prospect for inconsistency in a complex and unfamiliar area of the law, and the inefficiency that will result from this multi-district litigation. There must be some mechanism for consolidating these cases in a way that the potential for inconsistency is limited and efficient processing of these actions is promoted. There may be a way for the Multi District Litigation Panel to consolidate these cases. The prospect for consolidation has greater potential if all the parties agreed to consolidate the cases in the interests of efficiency and judicial economy.